UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br><br>*Defendant*. | Civil Action No. 3:24-cv-01191 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Much like in his opposition (ECF 26) to Plaintiff's Motion for Preliminary Injunction (ECF 8-9), Defendant misplaces his reliance on *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024). *See* PI Reply 6-7. The Fifth Circuit's remand order in *NetChoice, L.L.C. v. Paxton*, 2024 WL 4704574 (5th Cir. Nov. 7, 2024), likewise provides no support for Tennessee House Bill 1891's *restrictions* on dissemination of protected speech.

As relevant here, *Moody* and *Paxton* confirm two central aspects of NetChoice's arguments. First, "social media" websites—just like other publishers—"engage[] in expression" through their "display" of protected "third-party speech." *Moody*, 144 S. Ct. at 2393. Second, facial challenges under the First Amendment impose a "lowered . . . bar": "whether 'a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Id.* at 2397 (cleaned up; citation omitted).

Otherwise, the issues about *compelling* speech dissemination (that is, state laws overriding websites' content-moderation editorial choices) that *Moody* and *Paxton* identified for further factual development are irrelevant here. This Act *restricts* websites' ability to disseminate speech in

the first place. In so doing, it restricts *users'* ability to access that speech—and to engage in their own. Government *restrictions* on the dissemination of speech are presumptively unconstitutional. *E.g.*, *FEC v. Cruz*, 596 U.S. 289, 305 (2022).

Unlike *Moody*, there is no question here whether the Act extends beyond expressive services that facilitate and disseminate users' protected speech (*i.e.*, "social media") to *other* services such as "online marketplace[s] like Etsy" or "ride-sharing service[s] like Uber." 144 S. Ct. at 2398. The Act restricts access only to websites that "[e]nable[ ] an account holder to communicate with other account holders and users through posts," Tenn. Code § 47-18-5702(9)(A)(ii)—*i.e.*, engage in speech. Defendant does not contest this point. PI Reply 6.

Under Defendant's view, litigants could *never* facially challenge restrictions on online speech without providing exhaustive detail about every Internet website that could potentially be affected by the State's regulation. That is not what either *Moody* or *Paxton* require. Otherwise, States would be permitted to, for instance, prohibit all political speech online. And when faced with a facial challenge, Defendant contends that States could defend such laws by saying the plaintiffs have failed to identify "the algorithms" that websites use or failed to properly distinguish between "social media" and "direct messaging," "email," "ride-sharing," or "payment" services. *Paxton*, 2024 WL 4704574, at *2-3 (citations omitted). Just as those distinctions would not matter in that hypothetical case, they do not matter here. The State has no authority to require its citizens to verify their ages or secure parental content to engage in political (or any other protected) speech online. Any hypothetical differences between NetChoice's members and other regulated websites do not change that conclusion.

In any event, NetChoice has also asked for as-applied relief on behalf of its covered members. PI Reply 7.

Dated: November 25, 2024              Respectfully submitted,

/s/ Junaid Odubeko
Junaid Odubeko (Bar No. 023809)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway Suite 2400
Nashville, TN 37203
(615) 244-2582
jodubeko@bradley.com

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

Jared B. Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com
**admitted *pro hac vice***

*Attorneys for Plaintiff NetChoice*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon the following on this the 25th day of November 2024.


Thomas McCarthy
Cameron T. Norris
Thomas S. Vaseliou
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA  22209

Adam K. Mortara
Lawfair LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN  37215

                 */s/ Junaid Odubeko*
                 Junaid Odubeko