UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br><br>*Defendant*. | Civil Action No. 3:24-cv-01191 |

**PLAINTIFF NETCHOICE'S MOTION TO ASCERTAIN STATUS OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff NetChoice respectfully moves to ascertain the status of its pending motion for preliminary injunction. On October 3, 2024, Plaintiff NetChoice filed a motion for preliminary injunction, asking this Court to enjoin Defendant's enforcement of Tennessee House Bill 1891 ("HB1891" or "Act") against NetChoice's regulated members. ECF 8. In its motion, Plaintiff requested an order no later than December 31, 2024, because the Act was scheduled to take effect on January 1, 2025. *Id.* On October 11, 2024, the parties filed a joint motion for scheduling order "to ensure that the parties have sufficient time to brief the issues raised by Plaintiff's motion—and that the Court has ample time to decide the motion before the Act's effective date" on January 1, 2025. ECF 20 at 1. The Court granted this order. ECF 23. In accordance with that scheduling order, Defendant filed his response on November 1, 2024. ECF 26. And Plaintiff filed its reply a day early on November 19, 2024. ECF 35.

The requested December 31, 2024 date for a ruling has now passed, and the Act is now in effect. Counsel for Plaintiff conferred with Defendant's counsel about whether Defendant would agree to stay enforcement of the Act against NetChoice's members pending a decision on

Plaintiff's pending motion for a preliminary injunction. Defendant's counsel was not able to agree or disagree to a stay of enforcement by the time of the filing of this Motion.[1] So without an injunction from this Court, NetChoice's covered members are at imminent risk of enforcement and irreparable harm.

Specifically, NetChoice's members are faced with the immediate choice of incurring substantial penalties or steep compliance costs. As explained in Plaintiff's memorandum in support of its motion for a preliminary injunction, the Act gives Defendant power to seek penalties including a "civil penalty of not more than one thousand dollars ($1,000) for each violation," costs, expenses, and attorney's fees. ECF 9 at 8 (quoting Tenn. Code § 47-18-108(b)(3)). So starting yesterday, covered websites could potentially be liable for $1,000 for every user who creates an account without having to verify their age and every minor user that creates an account without receiving parental consent. *See* Tenn. Code § 47-18-5703(a). To avoid those penalties, NetChoice members would have to incur substantial compliance costs to implement the Act's requirements. *See* ECF 9 at 24. In either event, penalties or compliance costs incurred would be unrecoverable due to the State's sovereign immunity. *Id.* at 25.

NetChoice's members and their users also are facing the "loss of [their] First Amendment Freedoms." *Id.* at 24-25 (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)). Defendant dismissed the reality of this harm. *See* ECF41 at 2 ("[T]he law here is now in effect . . . [and] the sky has not fallen."). But Nextdoor stated in its declaration that were the Act "to go into effect, Nextdoor expects that it would have to bar users under 18 from use of our platform." Pai Decl., ECF 8-3 ¶ 37. As of yesterday, Nextdoor did just that: "[I]ndividuals who

---

[1] With respect to the instant motion to ascertain status of the motion for preliminary injunction, Counsel for Defendant informed Plaintiff's counsel that Defendant opposes this court granting any injunctive relief for Plaintiff's members.

are under the age of 18 are not permitted to create an account . . . starting on January 1, 2025, if they are residents of the State of Tennessee." *See* NextDoor, Member Agreement (Jan. 1, 2025), https://tinyurl.com/9ftfhr83. Therefore, as of yesterday, the First Amendment harms of Nextdoor and its users have been made concrete. *See* ECF 35 at 7-14.

For these reasons, NetChoice's members need immediate relief enjoining Defendant from enforcing the unconstitutional Act against them. If this Court needs additional time with Plaintiff's pending motion for preliminary injunction, the Court could consider entering a temporary restraining order while it resolves Plaintiff's pending motion for preliminary injunction. *See Doe v. Spencer*, 2023 WL 1484924, at *2 (M.D. Tenn. Feb. 2, 2023) ("[T]he same standard governs motions for temporary restraining orders and motions for preliminary injunction."). In any event, Plaintiff respectfully requests that the Court enjoin Defendant from enforcing the Act against NetChoice's members—as soon as possible but no later than the close of business tomorrow, for all the reasons explained in NetChoice's memorandum and reply in support of its motion for a preliminary injunction. ECF 9, 35. And Plaintiff respectfully requests that the Court provide an update on the status of NetChoice's pending motion for a preliminary injunction.

Dated: January 2, 2025

Respectfully submitted,

*s/ Junaid Odubeko*
Junaid Odubeko (Bar No. 023809)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway Suite 2400
Nashville, TN 37203
(615) 244-2582
jodubeko@bradley.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

***admitted pro hac vice**

*Attorneys for Plaintiff NetChoice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon the following on this the 2nd day of January, 2025:

Thomas McCarthy
Cameron T. Norris
Thomas S. Vaseliou
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209

Adam K. Mortara
Lawfair LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215

*s/ Junaid Odubeko*
Junaid Odubeko