IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NETCHOICE,

    *Plaintiff*,

v.

JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,

    *Defendant*.

Case No. 3:24-cv-01191

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

    NetChoice notifies this Court of an unreasoned, unpublished, nonprecedential order granting an injunction pending appeal against a different state law on different briefing and a different litigation history. *See* Notice of Supp. Auth. (Doc.56) (discussing *NetChoice v. Bonta*, 2024 WL 5264045 (N.D. Cal. Dec. 31); and Doc.11.1, No. 25-146 (9th Cir. Jan. 28, 2025) (granting injunction pending appeal)). That *Bonta* litigation, if anything, helps Tennessee.

    To start, NetChoice conclusorily says this case is "simila[r]" to *Bonta*, Doc.56 at 1, but there are key differences. Unlike its (*still* unexplained) five-month delay here, NetChoice challenged California's law "[a] month and a half" after its enactment. *Bonta*, 2024 WL 5264045, at *1. This case would also be the only time that NetChoice (thanks largely to its own delay) got a preliminary injunction *after* the challenged law went into effect—California's law never became effective, *see* 2025 WL 28610 (N.D. Cal. Jan. 2).

    The challenged laws are also different. California's law directly regulates the "addictive features" of social-media platforms, requiring "age assurance" and "verified parental consent" before the platform can provide minors a "personalized feed" or send them "push notifications." 2024 WL 5264045, at *2-3. By contrast, Tennessee's law directly regulates only the commercial activity of contracting with minors, requiring age verification and parental consent before a platform enters into a

binding terms-of-service agreement with a child. TRO-Opp.5-7; PI-Opp.3-4, 6-14. Unlike Tennessee, California did not argue that its law did not trigger the First Amendment because the law directly regulates only commercial activity. *See Bonta*, Doc.18 at 14-19, No. 5:24-cv-07885 (N.D. Cal. Dec. 3, 2024); Doc.8.1 at 15-18, No. 25-146 (9th Cir. Jan. 13, 2025). And unlike Tennessee, California did not argue that its justification for the law was content-neutral because the covered entities had special characteristics that make minors particularly susceptible to sexual exploitation. *Bonta*-D.Ct.-Doc.18 at 19-21; *Bonta*-CA9-Doc.8.1 at 20-21. The *Bonta* courts also lacked briefing (possibly because of the differences in the challenged laws) on the Sixth Circuit's reasoned decision in *Free Speech Coalition v. Skrmetti* and the Supreme Court's binding decision in *TikTok v. Garland*. *See Bonta*-CA9-Docs.4.1, 8.1, 10.1 (parties not citing or discussing *TikTok* or *Free Speech Coalition*).

Another circuit's unreasoned decision in a case with different law, facts, and briefing doesn't undermine Tennessee's law, let alone support NetChoice's requests for drastic relief. This Court should deny NetChoice's new motion for a TRO and its old motion for a preliminary injunction.

Date: January 29, 2025

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cameron T. Norris*

| | |
|---|---|
| Matthew D. Janssen, BPR No. 35451 | Thomas R. McCarthy* |
| Brian Phelps, BPR No. 40705 | Cameron T. Norris, BPR No. 33467 |
| Sr. Assistant Attorneys General/ | Thomas S. Vaseliou* |
| Managing Attorneys | CONSOVOY MCCARTHY PLLC |
| OFFICE OF THE ATTORNEY GENERAL | 1600 Wilson Blvd., Suite 700 |
| CONSUMER PROTECTION DIVISION | Arlington, VA 22209 |
| UBS Building, 20th Floor | (703) 243-9423 |
| 315 Deaderick Street | cam@consovoymccarthy.com |
| Nashville, TN 37243 | |
| (615) 741-1671 | Adam K. Mortara, BPR No. 40089 |
| matthew.janssen@ag.tn.gov | LAWFAIR LLC |
| brian.phelps@ag.tn.gov | 40 Burton Hills Blvd., Ste. 200 |
| | Nashville, TN 37215 |
| | (773) 750-7154 |

**CERTIFICATE OF SERVICE**

On January 29, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

*/s/ Cameron T. Norris*

3

Case 3:24-cv-01191     Document 57     Filed 01/29/25     Page 3 of 3 PageID #: 1992