IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>    *Plaintiff*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br><br>    *Defendant*. | Case No. 3:24-cv-01191 |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Yesterday's decision in *CCIA & NetChoice v. Uthmeier*, No. 4:24-cv-438 (N.D. Fla.), confirms that this Court should deny NetChoice's request for preliminary relief. Like this case, *Uthmeier* involves a challenge to a state law imposing age-verification and parental-consent requirements on social-media platforms. And as here, NetChoice (an unregulated trade association) demanded a universal preliminary injunction via the disfavored overbreadth doctrine. The *Uthmeier* court denied that extraordinary relief, recognizing that NetChoice "failed to produce the evidence needed" to establish its members' purported injuries. Slip Op. 6. This Court should do the same and should allow this case to be decided in the normal course.

To start, *Uthmeier* highlights the problems with NetChoice's take-our-word-for-it approach to standing. *Id.* at 6-13. There, the court allowed preliminary discovery. And, as it turns out, if you peek behind the trade-association curtain, NetChoice cannot support its members' claimed injuries. *Id.* The same is true here. Rather than provide actual proof of real-world injuries, NetChoice hangs its hat on rhetoric-heavy arguments and abstract appeals to supposed "chill" on unidentified, third-party, future users. That is not enough to justify an "extraordinary and drastic remedy," as the *Uthmeier* court rightly held. This Court should likewise hold NetChoice to the stringent preliminary-injunction standard that requires it to "*clearly* carr[y] the burden of" establishing Article III standing. *Id.* at 3.

*Uthmeier* also guts NetChoice's reliance on compliance costs to establish an Article III injury and prove irreparable harm. Absent a stay pending appeal, NetChoice members must now comply with a Florida law that imposes age-verification and parental-consent requirements that parallel Tennessee's. *Compare* Fla. Stat. Ann. § 501.1736(2)-(3), *and* Fla. Admin. Code Ann. r. 2-43.002(1)-(2), *with* Tenn. Code Ann. § 47-18-5703(a). This means, as Tennessee has argued, that any compliance costs will be—and likely have already been—incurred irrespective of Tennessee's law. PI Opp'n, Dkt. 26, at PageID# 205-06: TRO Opp'n, Dkt. 54, PageID# 1970-71. And Florida's law taking effect will demonstrate how easily these reforms can be implemented. *Id.* That's all the more reason to maintain the status quo while the parties conduct discovery.

In sum, Florida's law will remain in effect during NetChoice's litigation. Tennessee's should too. This Court should deny NetChoice's motion for a preliminary injunction.

Date: March 14, 2025

JONATHAN SKRMETTI
Attorney General and Reporter

Matthew D. Janssen, BPR No. 35451
Brian Phelps, BPR No. 40705
Sr. Assistant Attorneys General/
Managing Attorneys
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243
(615) 741-1671
matthew.janssen@ag.tn.gov
brian.phelps@ag.tn.gov

Respectfully submitted,

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris, BPR No. 33467
Thomas S. Vaseliou*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Adam K. Mortara, BPR No. 40089
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154

**CERTIFICATE OF SERVICE**

On March 14, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

/s/ *Cameron T. Norris*
