IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| NETCHOICE, | |
|---|---|
| *Plaintiff*, | |
| v. | Case No. 3:24-cv-01191 |
| JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter, | |
| *Defendant*. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

NetChoice's notice of supplemental authority is about an unrelated data-privacy law and shows the weakness of Netchoice's pending preliminary-injunction motion. *See* Notice of Supp. Auth. (Doc. 63) (discussing ECF 143, *NetChoice, LLC v. Bonta*, No. 5:22-cv-08861 (N.D. Cal. Mar. 13, 2025)).

The *Bonta* opinion, Doc. 63-1, concerns a California data-privacy law, not a social-media law. California has a *different* law about minors and social media, as Netchoice knows. *See* Notice of Supp. Auth. (Doc.56) (concerning that law); Resp. (Doc. 57). The data-privacy law that Netchoice now invokes applies not to social media companies, but to large "businesses that provide an online service, product, or feature likely to be accessed by children." *Bonta* Op. at 3 (citing Cal. Civ. Code §§1798.99.31(a), (b).). It imposes on those businesses not an age-verification or parental consent requirement, but an intricate and ongoing set of mandates and prohibitions concerning how they manage children's data. *Bonta* Op. at 3-6. The law mandates a "data protection impact assessment" report, a risk-mitigation plan, privacy-setting requirements, privacy-disclosure requirements, estimation and adjustment of services by age, and many other things. *Id.* at 4-5 (citing Cal. Civ. Code §§1798.99.31(a)(1)-(10)). It prohibits at least eight different practices relating to children's data, including using children's data in a way "detrimental" to the mental or physical health of the child, profiling or using the data of a child except under limited conditions, estimating a user's age for certain

purposes, and many other things. *Bonta* Op. at 5-6 (citing Cal. Civ. Code §§1798.99.31(b)(1)-(8)). Tennessee's law regulates the commercial act of contracting with minors and imposes no similar set of mandates or prohibitions. TRO Opp. (Doc. 54) at 5-7; PI Opp. (Doc. 26) at 3-4, 6-14; *see also Nat'l Rifle Ass'n v. Bondi*, 2025 WL 815734, at *6 (11th Cir. Mar. 14) (explaining broad power of states to regulate the commercial act of contracting with minors).

Netchoice's attempted comparisons between the two laws do not hold up. *See* Notice of Supp. Auth. at 1-2. Netchoice first invokes the California data-privacy law's "gateway coverage provision." *Id.* But the *Bonta* court thought that California's coverage provision was content-based because by its terms, it applies only to businesses "*likely to be accessed by children.*" *Bonta* Op. at 14 (quoting Cal. Civ. Code §§1798.99.31(a), (b)) (emphasis added). The problem, as the court saw it, was the "distinctio[n] based on the speaker's message, namely, whether it is content likely to be accessed by children." *Bonta* Op. at 15. Tennessee's law does not make that distinction; it applies to social media platforms regardless of their message. Tenn. Code Ann. §47-18-5702. And it is content-neutral for the reasons the Supreme Court recently explained in *TikTok* (which *Bonta* never discussed). *See TikTok Inc. v. Garland*, 145 S. Ct. 57, 67-69 (2025); *see also* TRO Opp. at 5-6.

Netchoice next invokes the California law's "age-estimation requirement." Notice of Supp. Auth. at 2. But the *Bonta* court thought California's age-estimation provision was unconstitutional because it "does *not* merely require [a] covered business to estimate age," like Tennessee's requires platforms to verify age. *Bonta* Op. at 35 (emphasis added). Instead, its concern was that California requires businesses to affirmatively change and filter their content based on the age of users. *Id.* at 35-38 (citing Cal. Civil Code §1798.99.31(a)(5)). And if the businesses don't accurately estimate user age, they must provide all users with child-level content. *Id.* at 37. Netchoice says that estimating users' age can invade their privacy, *see* Notice of Supp. Auth. at 2, but the passage that it's referencing appears to concern strict scrutiny, not an independent constitutional violation. *Bonta* Op. at 37-38.

2

Finally, California's data-privacy law never went into effect, so the equities in *Bonta* went the other way. The law was enjoined before the effective date. *Bonta* Op. at 1-2. After part of that injunction was vacated, the State "agreed to defer enforcement of the non-enjoined portions" until after the district court ruled. *Bonta* Op. at 2. The three equitable factors—irreparable harm, equities, and public interest—were thus "not contested." *Id.* at 54-55. Here, Tennessee's law is in effect. *See* TRO Denial (Doc. 58) at 9. As a result, Netchoice cannot show irreparable harm and is not seeking to preserve the status quo, so it should lose on the equities. *See* TRO Opp. (Doc. 54) at 9-14. This case would be the only one in which NetChoice got a preliminary injunction *after* the challenged law went into effect.

This Court should deny NetChoice's preliminary injunction motion.

Date: March 24, 2025

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

Matthew D. Janssen, BPR No. 35451
Brian Phelps, BPR No. 40705
Sr. Assistant Attorneys General/
Managing Attorneys
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243
(615) 741-1671
matthew.janssen@ag.tn.gov
brian.phelps@ag.tn.gov

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris, BPR No. 33467
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Adam K. Mortara, BPR No. 40089
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154

**CERTIFICATE OF SERVICE**

On March 24, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

/s/ *Cameron T. Norris*

3
Case 3:24-cv-01191    Document 65    Filed 03/24/25    Page 3 of 3 PageID #: 2098