IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br>            *Plaintiff*,<br>v.<br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br>            *Defendant*. | Case No. 3:24-cv-01191 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

*NetChoice, LLC v. Griffin* underscores the weakness of NetChoice's preliminary-injunction motion here. *See* Notice of Supp. Auth. (Doc. 66-1) (discussing ECF 77, No. 5:23-cv-05105 (W.D. Ark. Mar. 31)).

*Griffin* relied on at least three conditions not present here. First, *Griffin* held that the Arkansas law was facially unconstitutional because the "State has pointed to no applications of the Act that could be considered 'plainly legitimate.'" Op. at 33. But here, Tennessee has shown many plainly legitimate applications, including its application to younger minors and pornography websites. *See* TRO Opp. (Doc. 54) at 8-9; *see Free Speech Coal. v. Skrmetti*, 2025 WL 512049, at *2 (6th Cir. Jan. 13) ("requiring pornography websites to verify users' ages" is a "constitutional applicatio[n] of the law"). Second, *Griffin* held that the Arkansas law was unconstitutional because it regulated entities depending on what their "purpose" was. Op. at 36-37. But Tennessee regulates social-media companies without reference to their "purpose." *See* Tenn. Code Ann. §47-18-5702. And third, *Griffin* was a summary-judgment decision, so Netchoice did not have to (as it does here) win all the equitable factors despite the law already being in effect. Op. at 41; *see* TRO Opp. 9-14.

To the extent that *Griffin* helps Netchoice, it is inconsistent with *Tiktok v. Garland*, 145 S.Ct. 57, 65 (2025), which the decision never mentions. For instance, *TikTok* explained that when the

government "supports the challenged provisions with a content-neutral justification," then the law is "content-neutral." 145 S.Ct. at 68. (emphasis added). But *Griffin* held that the law was content-based without reference to its justification. Op. at 23-24. And *TikTok* explained that a "speaker preference" does *not* trigger strict scrutiny when the "differential treatment is justified by some special characteristic of the particular speaker being regulated." 145 S.Ct. at 68. But *Griffin* subjected the law to strict scrutiny simply because it "draws … speaker-based distinctions." Op. at 24. This Court should follow *TikTok* and deny NetChoice's preliminary-injunction motion.

Date: April 14, 2025

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

Matthew D. Janssen, BPR No. 35451
Brian Phelps, BPR No. 40705
Sr. Assistant Attorneys General/
Managing Attorneys
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243
(615) 741-1671
matthew.janssen@ag.tn.gov
brian.phelps@ag.tn.gov

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris, BPR No. 33467
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Adam K. Mortara, BPR No. 40089
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154

**CERTIFICATE OF SERVICE**

On April 14, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

/s/ *Cameron T. Norris*