IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NETCHOICE,

*Plaintiff*,

v.

JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,

*Defendant*.

Case No. 3:24-cv-01191

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Netchoice has called Mississippi's law "similar" to Tennessee's and repeatedly cited the preliminary injunction it won against Mississippi as support for similar relief here. Doc. 9 (PI Memo.) at 6; *see* Doc. 9; Doc. 35 (PI Reply). The Fifth Circuit—in the first and only reasoned appellate decision on one of these laws—just held that Netchoice's preliminary injunction had to be vacated. *See Netchoice v. Fitch*, No. 24-60341 (5th Cir. Apr. 17, 2025) ("Op.") (attached).

The Fifth Circuit held that the district court erred because it failed to analyze every application of the statute before granting facial relief. Op. at 10. As the Fifth Circuit explained, after *Moody v. Netchoice*, 603 U.S. 707 (2024), plaintiffs like Netchoice must identify "what activities and what actors" are regulated by a statute and then demonstrate that the unconstitutional applications "substantially outweigh" the constitutional ones. Op. at 10-11. It's not enough to identify a "substantial number" of unconstitutional applications; instead, Netchoice must "address the full range of activities" covered by the law, including through a website-by-website analysis. Op. at 12-13. After demonstrating individually which websites are covered, Netchoice must provide "factual analysis determining the commercially reasonable effort demanded of each," so that the court can determine the constitutionality of the statute's application to each website and weigh the unconstitutional and constitutional applications. Op. at 13. Absent this intensive "factual inquiry" and balancing, any facial relief violates *Moody*. Op. at 14.

Tennessee has been making the same argument since the beginning of this case. *See, e.g.*, Doc. 26 (PI Opp.) at 9 ("As in *Moody*, [Netchoice] treats all provisions, platforms, functions, and users as a monolith, without trying to distinguish or weigh the law's constitutional versus unconstitutional applications."); *accord id.* at 18 ("NetChoice does the same thing that led the Supreme Court to vacate its Eleventh Circuit win in *Moody*: It 'focuse[s]' on certain 'applications' while 'disregard[ing] the requisite inquiry into how [the Act] works in all of its applications.'"). And here, Netchoice has not remotely provided the evidence that *Moody* demands. *See id.* at 18-22. It must meet that standard for facial challenges, since associations like NetChoice lack standing to bring as-applied claims. *See id.* at 22-24.

Date: April 18, 2025

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

Matthew D. Janssen, BPR No. 35451
Brian Phelps, BPR No. 40705
Sr. Assistant Attorneys General/
Managing Attorneys
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243
(615) 741-1671
matthew.janssen@ag.tn.gov
brian.phelps@ag.tn.gov

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris, BPR No. 33467
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Adam K. Mortara, BPR No. 40089
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154

**CERTIFICATE OF SERVICE**

On April 18, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

/s/ *Cameron T. Norris*

2