IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>          *Plaintiff*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br><br>          *Defendant*. | Case No. 3:24-cv-01191 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

This Court should not follow the reasoning in Netchoice's latest supplemental authority. *See* Notice of Supp. Auth. (Doc. 68) (discussing ECF 56, *NetChoice, LLC v. Yost*, No. 2:24-cv-00047 (S.D. Ohio Apr. 16, 2025). In *Yost*, Netchoice won the easier relief of summary judgment against a law that the district court had already enjoined and that was therefore not being enforced. Op. at 9. Here, Netchoice seeks the "drastic" relief of a preliminary injunction, *D.H. v. Williamson Cnty. BOE*, 638 F. Supp. 3d 821, 829 (M.D. Tenn. 2022), against a law that has been in effect for over four months, leaving it in a uniquely weak position to claim the required irreparable harm. see TRO Opp. (Doc. 54) at 9-14.

To the extent that *Yost* is similar, it is wrong. Most alarmingly, it ignored and violated two recent on-point binding precedents—*TikTok v. Garland*, 145 S.Ct. 57 (2025), and *Free Speech Coalition v. Skrmetti*, 2025 WL 512049 (6th Cir. Jan. 13); *see* TRO Opp. 5-9. For example, *TikTok* upheld a ban on a social-media platform as "content-neutral" because the government "support[ed] the challenged provisions with a content-neutral *justification*." 145 S.Ct. at 68 (emphasis added). But *Yost* held that the Ohio law's "content-neutral justification"—protecting minors from risks caused by "features and functions unrelated to speech"—was constitutionally irrelevant, seemingly unaware of *TikTok*'s holding. Op. at 40. Likewise, *TikTok* explained that at the scrutiny stage, "'the First Amendment imposes

*no* freestanding underinclusiveness limitation,' and the Government 'need not address all aspects of a problem in one fell swoop.'" 145 S. Ct. at 70 (emphasis added). But *Yost* held that the Ohio law failed scrutiny partly because it was "underinclusive with respect to [its] interest" of protecting children from certain data risks, since the same logic would support other laws that Ohio had not passed simultaneously. Op. 42. And the Sixth Circuit in *Free Speech Coalition* required that a district court, before granting facial relief against an age-verification law, must first "determine a law's full set of applications, evaluate which are constitutional and which are not, and compare the one to the other." 2025 WL 512049, at *2. Yet *Yost* did not determine the constitutionality of every application of Ohio's law. Even though some applications of the Ohio law were plainly constitutional—like its applications to pornography and younger minors—*Yost* determined that each application "raises the same First Amendment *issues*," Op. 28 (emphasis added), so it deemed *Free Speech Coalition*'s application-by-application comparison unnecessary. The 49-page *Yost* opinion never mentioned either *TikTok* or *Free Speech Coalition*.

This Court should deny the preliminary injunction.

Date: May 1, 2025

JONATHAN SKRMETTI
Attorney General and Reporter

Matthew D. Janssen, BPR No. 35451
Brian Phelps, BPR No. 40705
Sr. Assistant Attorneys General/
Managing Attorneys
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243
(615) 741-1671
matthew.janssen@ag.tn.gov
brian.phelps@ag.tn.gov

Respectfully submitted,

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris, BPR No. 33467
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Adam K. Mortara, BPR No. 40089
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154

**CERTIFICATE OF SERVICE**

On May 1, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

*/s/ Cameron T. Norris*
