# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,<br><br>*Defendant*. | Civil Action No. 3:24-cv-01191 |

## PLAINTIFF NETCHOICE'S REQUEST FOR STATUS UPDATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff NetChoice respectfully requests a status update on its pending Motion for Preliminary Injunction. ECF 8.

On October 3, 2024, Plaintiff NetChoice filed a Motion for Preliminary Injunction, asking this Court to enjoin Defendant's enforcement of Tennessee House Bill 1891 ("Act") against NetChoice's regulated members. ECF 8. In its motion, Plaintiff requested an order no later than December 31, 2024, because the Act was scheduled to take effect on January 1, 2025. *Id.* That motion was fully briefed by November 19, 2024. ECF 35. So the preliminary injunction motion has been fully briefed for 177 days.

As NetChoice has recounted, ECF 48, the original district judge assigned to this case did not enjoin Defendant's enforcement of the Act before its January, 2025, effective date. So the Act has now been in effect for 134 days.

The Act has already had real and enduring consequences. NetChoice's member Nextdoor stated in its declaration in support of NetChoice's motion that, were the Act "to go into effect, Nextdoor expects that it would have to bar users under 18 from use of our platform." Pai Decl.,

ECF 8-3 ¶ 37. On January 1, Nextdoor did just that: "[I]ndividuals who are under the age of 18 are not permitted to create an account . . . starting on January 1, 2025, if they are residents of the State of Tennessee." *See* Nextdoor, Member Agreement (Dec. 31, 2024), https://tinyurl.com/9ftfhr83. Thus, Nextdoor has lost—and will continue to lose—its First Amendment right to curate and disseminate protected speech to minors in Tennessee looking to, for example, engage with neighbors to get a babysitting job, find a lost pet, or participate in neighborhood activities. And minors in Tennessee correspondingly are losing and will continue to lose their First Amendment right to speak and receive speech on Nextdoor. So NetChoice's members and their users are facing the real and irreparable "loss of [their] First Amendment Freedoms." ECF 9 at 24-25 (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)).

Since this Court denied NetChoice's Motion for Temporary Restraining Order, the parties have filed a combined four notices of supplemental authority—each with a corresponding response. *See* ECF 62-71. In addition, the parties have jointly agreed to continue the initial case management conference, because this Court's order on NetChoice's preliminary injunction motion has relevance for future proceedings in this Court. ECF 60; *see* ECF 61 (granting that motion to continue).

Since January 1, 2025, NetChoice's members have been put to the unconstitutional choice between complying with a law that violates the First Amendment or risk per-violation penalties. The Act empowers Defendant to seek penalties including a "civil penalty of not more than one thousand dollars ($1,000) *for each violation*," costs, expenses, and attorney's fees. ECF 9 at 8 (emphasis added; quoting Tenn. Code § 47-18-108(b)(3)). Since January 1, 2025, covered websites could potentially be liable for $1,000 for every user in Tennessee who creates an account without having to verify their age and every minor user that creates an account without receiving parental

consent. *See* Tenn. Code § 47-18-5703(a). To avoid those penalties, NetChoice members would have to incur substantial compliance costs to implement the Act's requirements. *See* ECF 9 at 24. In either event, penalties or compliance costs incurred would be unrecoverable due to the State's sovereign immunity. *Id.* at 25.

Understanding the constraints on the Court's time, NetChoice files this request to preserve its rights, reemphasize the serious First Amendment rights that are being violated, and act consistently with its members' need for relief. *See* ECF 58 at 12-13 & n.12 (commending NetChoice and its counsel for "professionalism and decency" in awaiting a decision prior to reassignment, but explaining the need for "a sense of urgency" consistent with relief requested).

Accordingly, NetChoice respectfully requests a status update on its pending motion for preliminary injunction.

Dated: May 15, 2025

Junaid Odubeko (Bar No. 023809)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway Suite 2400
Nashville, TN 37203
(615) 244-2582
jodubeko@bradley.com

Respectfully submitted,

*/s/ Jeremy Evan Maltz*
Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

**admitted pro hac vice*

*Attorneys for Plaintiff NetChoice*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon the following on May 5, 2025:

Thomas McCarthy
Cameron T. Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209

Adam K. Mortara
Lawfair LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215

*/s/ Jeremy Evan Maltz*
Jeremy Evan Maltz