IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NETCHOICE,

         *Plaintiff*,

v.

JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General & Reporter,

         *Defendant*.

Case No. 3:24-cv-01191

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

    This Court should not follow NetChoice's latest supplemental authority. *See* Notice of Supp. Auth (Doc. 75) (discussing ECF 94, *Comput. & Commc'ns Ind. Ass'n and NetChoice v. Uthmeier*, No. 4:24-cv-438 (N.D. Fla. June 3, 2025)). In *Uthmeier*, the court preliminarily enjoined a Florida law imposing age-verification and parental-consent requirements on social-media platforms. The court concluded that the law was content neutral, and that intermediate scrutiny applied. Slip Op. at 25, 34-39. Although the court correctly "assume[d]" that the law served a "significant government interest," it held that the law was not "sufficiently tailored." Slip Op. at 41-42.

    *Uthmeier* got one thing right. It correctly held that the law was content neutral. In fact, it rejected the precise argument that NetChoice makes here. NetChoice argues that the law isn't content neutral because it applies to only certain social media companies. Pls. Renewed Mot. (Doc. 49) at 5-6. But *Uthmeier* explained why that argument fails. *See* Slip. Op. 36 (explaining that regulation based on "special characteristic[s]" is "likely sufficient to render the law content neutral").

    While *Uthmeier* correctly declined to apply strict scrutiny to Florida's law, it otherwise erred in its analysis. The court identified a narrower alternative that the State supposedly could have chosen: encouraging parents to use existing tools. Slip Op. 49. But that alternative is "less effective than" the Act. *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004). As Tennessee has explained, these tools do not work,

PI Opp 13-14 (Allen Decl. ¶¶47-60), which is why the harms to minors have continued and worsened, *id.* (Kaliebe Decl. ¶¶27-38, 165-72). Less-effective alternatives are no alternatives at all. Moreover, the court's disagreement with a State's "line-drawing" is "exactly" what binding precedent forbids when it holds that "narrow tailoring does not mean 'perfect' tailoring." *O'Toole v. O'Connor*, 802 F.3d 783, 791 (6th Cir. 2015).

*Uthmeier* is also distinguishable. On irreparable harm, the Florida Attorney General had already initiated an enforcement action against one of NetChoice's members. Slip Op. 8. That Tennessee will initiate an action is speculative at this stage and not irreparable. *See* TRO Opp. 2. And on delay, the plaintiffs in *Uthmeier* filed their challenge "mere days" after Florida enacted its implementing regulations. Slip. Op. 54. Here, NetChoice waited five months to sue. TRO Opp.13.

NetChoice cannot justify the "extraordinary and drastic remedy" of emergency coercive relief here. *S. Glazer's Distribs. of Ohio v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). The Court should instead deny the preliminary injunction.

Date: June 16, 2025                                    Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

| | |
|---|---|
| James Matthew Rice | /s/ *Cameron T. Norris* |
| Solicitor General | Thomas R. McCarthy* |
| Office of Tennessee Attorney General | Cameron T. Norris, BPR No. 33467 |
| P.O. Box 20207 | CONSOVOY MCCARTHY PLLC |
| Nashville, TN 37202 | 1600 Wilson Blvd., Suite 700 |
| (615) 532-6026 | Arlington, VA 22209 |
| matt.rice@ag.tn.gov | (703) 243-9423 |
| | cam@consovoymccarthy.com |
| Matthew D. Janssen, BPR No. 35451 | |
| Brian Phelps, BPR No. 40705 | Adam K. Mortara, BPR No. 40089 |
| Sr. Assistant Attorneys General/ | LAWFAIR LLC |
| Managing Attorneys | 40 Burton Hills Blvd., Ste. 200 |
| OFFICE OF THE ATTORNEY GENERAL | Nashville, TN 37215 |
| CONSUMER PROTECTION DIVISION | (773) 750-7154 |
| UBS Building, 20th Floor | |
| 315 Deaderick Street | |
| Nashville, TN 37243 | |
| (615) 741-1671 | |
| matthew.janssen@ag.tn.gov | |
| brian.phelps@ag.tn.gov | |

**CERTIFICATE OF SERVICE**

On June 16, 2025, I e-filed this document with the Court, which automatically emailed every-

one requiring notice.

/s/ *Cameron T. Norris*