IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NETCHOICE,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN SKRMETTI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:24-cv-01191<br><br>JUDGE RICHARDSON |

**ORDER**

In this action, Plaintiff, NetChoice, brings facial and as-applied challenges to the Tennessee Protecting Children from Social Media Act ("Act"), which imposes—among other things—parental-consent, parental-supervision, and age-verification requirements on certain websites and their users. As relevant to this action, the Sixth Circuit recently issued a decision in *NetChoice, LLC, v. Dave Yost*, No. 25-3371 (6th Cir. June 18, 2026) (hereinafter, "*Yost*"). In *Yost*, the Sixth Circuit addressed *inter alia* the constitutionality of an Ohio state law, the Ohio Parental Notification by Social Media Operators Act ("Ohio Act")—which is similar in some respects to the Act—as well as NetChoice's standing to sue on behalf of its users. In *Yost*, the Sixth Circuit ultimately reversed the judgment of the district court—a judgment whereby the district court found *inter alia* that (1) NetChoice (who is the plaintiff-appellee in *Yost*) had prudential standing to assert the rights of its member users, (2) the Ohio Act was facially unconstitutional under the First Amendment, and (3) the Ohio Act was unconstitutionally vague—and ordered that the district court enter judgment instead in favor of David Yost (the Attorney General of Ohio), who is the defendant-appellant in *Yost*.

Given the Sixth Circuit's decision in *Yost*, the Court sees value in additional briefing on the pending motion to dismiss (Doc. No. 91, "Motion to Dismiss") filed by Defendant, the Tennessee Attorney General and Reporter. Accordingly, within twenty-one (21) days of the issuance of this Order, the parties shall either (1) each file separate notices of supplemental authority not to exceed twenty-five (25) pages, therein addressing the Sixth Circuit's decision in *Yost* and any impact that (in their view) the decision in *Yost* has on the Motion to Dismiss;[1] or (2) file a joint notice stating that they would prefer to file amended briefs on the Motion to Dismiss, whereby the amended briefs would replace the briefs previously filed in connection with the Motion to Dismiss in their entirety. Any joint notice that the parties file stating the parties' preference to file amended briefs on the Motion to Dismiss shall also include a proposed briefing schedule with respect to the filing of those amended briefs.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[1] In *Yost*, there was a dissenting opinion, and the two members of the majority did not (to say the least) agree on all issues. For this reason, and because the Act and the Ohio Act are far from identical: (a) *Yost* does not touch on all issues in the instant case; and (b) the extent to which *Yost* is factually and legally applicable to the Act, and the extent to which *Yost* is precedential and thus binding upon this Court, varies by issue (standing, facial challenge on First Amendment grounds, etc.). Furthermore, the Court is also aware that potentially there are one or more positions taken by both members of the majority in *Yost* that render moot any issues related to positions on which there was *not* a majority. In sum, the upshot is that there are various conceivable permutations of precedential decisions from *Yost* that conceivably could apply in this case, and the Court welcomes the parties thoughts about all potential permutations.