IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NETCHOICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01191 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| JONATHAN SKRMETTI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

On June 22, 2026, the Court entered an order (Doc. No. 101, "Briefing Order") that required the parties to submit additional briefing on the pending motion to dismiss (Doc. No. 91, "Motion to Dismiss") of Defendant, the Tennessee Attorney General and Reporter, in light of the Sixth Circuit's recently issued decision in *NetChoice, LLC, v. Dave Yost*, No. 25-3371 (6th Cir. June 18, 2026) (hereinafter, "*Yost*"). In relevant part the Briefing Order provided:

> Given the Sixth Circuit's decision in *Yost*, the Court sees value in additional briefing on the pending motion to dismiss (Doc. No. 91, "Motion to Dismiss") filed by Defendant, the Tennessee Attorney General and Reporter. Accordingly, within twenty-one (21) days of the issuance of this Order, the parties shall either (1) each file separate notices of supplemental authority not to exceed twenty-five (25) pages, therein addressing the Sixth Circuit's decision in *Yost* and any impact that (in their view) the decision in *Yost* has on the Motion to Dismiss; or (2) file a joint notice stating that they would prefer to file amended briefs on the Motion to Dismiss, whereby the amended briefs would replace the briefs previously filed in connection with the Motion to Dismiss in their entirety. Any joint notice that the parties file stating the parties' preference to file amended briefs on the Motion to Dismiss shall also include a proposed briefing schedule with respect to the filing of those amended briefs.

(Doc. No. 101 at 2 (footnote omitted)). So, under the Court's Briefing Order the parties are required to submit additional briefing addressing the Sixth Circuit's decision in *Yost* and any impact that

(in the parties' views) the decision in *Yost* has on the Motion to Dismiss by July 13, 2026 (i.e., 21 days after the issuance of the Briefing Order on June 22, 2026).

Now pending before the Court is the "Motion to Postpone Ordered Briefing (ECF 101) Pending the Sixth Circuit's Resolution of the Appeal in this Case" (Doc. No. 102, "Motion") filed by Plaintiff, NetChoice. Via the Motion, Plaintiff "respectfully moves this Court to postpone the briefing ordered on June 22, 2026, pending the Sixth Circuit's resolution of the appeal in this case." (*Id.* at 1). In the Motion, Plaintiff informs the Court that Defendant "takes no position on the relief requested in [the M]otion." (*Id.* at 1).

Plaintiff argues that a postponement is warranted because "[the decision on the appeal of this case] could discuss issues relevant to Defendant's pending [M]otion to [D]ismiss. And [the decision on the appeal of this case]—unlike *Yost*—would be [addressing the] law [at issue in this] case." (Doc. No. 102 at 2).[1] Plaintiff also argues that "[the decision on the appeal of this case] may well resolve some of the uncertainties this Court's [Briefing Order] expressed about what *Yost* held and the 'various conceivable permutations of precedential decisions from *Yost* that conceivably could apply in this case.'" (*Id.* at 2 (quoting Doc. No. 101 at 2 n.1)).

The Motion (Doc. No. 102), being unopposed and otherwise well-taken, is **GRANTED**. Accordingly, the Briefing Order, including both its requirement that the parties submit additional briefing on the Motion to Dismiss and the deadline it set regarding the submission of this additional

---

[1] The appeal in this case is of the Court's denial (Doc. No. 79) of Plaintiff's motion for a preliminary injunction (Doc. No. 8). (Doc. No. 83 at 1). The Court observes—given that the Court's denial of Plaintiff's motion for a preliminary injunction was based on what the Court discerned was Plaintiff's failure to adequately make out irreparable harm as required for a preliminary injunction to issue—that the Sixth Circuit's decision on the appeal of this action may not ultimately provide much guidance that is applicable to the Court's ruling on the pending Motion to Dismiss.

briefing, is **STAYED**[2] pending the Sixth Circuit's resolution of the appeal in this case. Once the appeal of this case is resolved, the Court will promptly issue a new order regarding any additional briefing that it requires on the Motion to Dismiss. Such order will specify both the required subject matter of that additional briefing—likely to include the decision in *Yost* and the still forthcoming decision on the appeal of this case—as well as the deadline(s) for the submission of that additional briefing.

     IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiff frames its request in the Motion in terms of a "postponement" of the briefing ordered in the Briefing Order, the Court discerns that in effect Plaintiff is requesting a stay of the Briefing Order (and the deadline therein).