UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NETCHOICE, | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01191 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| JONATHAN SKRMETTI, | ) | |
| Defendant. | ) | |

**ORDER**

In this action, Plaintiff, NetChoice, challenges Tennessee House Bill 1891 (2024) (the "Act"), codified at Tenn. Code Ann. § 47-18-5701 *et seq.* The Act took effect on January 1, 2025. (Doc. No. 78 at 2). In pertinent part, the Act requires "social-media companies to verify the ages of their prospective account holders and, if a prospective account holder is a minor, obtain parental consent before allowing the minor to become an account holder." *NetChoice, LLC v. Skrmetti*, No. 25-5660, 2026 WL 2546423, at *1 (6th Cir. Aug. 28, 2026).

Pending before the Court is the motion to dismiss (Doc. No. 91, "Motion") filed by Defendant, the Tennessee Attorney General and Reporter (who is sued in his official capacity only).[1] Via the Motion, Defendant makes several different motions to dismiss various of Plaintiff's claims, as set forth below; each such motion applies to some of Plaintiff's claims but not others. Notably, the Motion does not seek the dismissal of *all* of the claims asserted by Plaintiff in the amended, and operative, complaint (Doc. No. 88, "Amended Complaint") in this action.

[1] As noted herein, the Motion reflects and encompasses *several different* motions to dismiss, rather than just a single motion. Also of note, Defendant's memorandum in support of those motions is incorporated within the Motion.

Defendant first moves pursuant to Rule 12(b)(1) to dismiss the as-applied claims challenging the Act that Plaintiff brings on behalf of its members, for lack of (associational) standing. (Doc. No. 91 at 7-13). Defendant then moves pursuant to Rule 12(b)(1) to dismiss Plaintiff's claim challenging the Act as unconstitutionally vague, as being unripe. (Doc. No. 91 at 13-14).[2] Finally, Defendant moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's claim challenging the Act as unconstitutionally vague, for failure to state a claim. (Doc. No. 91 at 15-17). Plaintiff has filed a response (Doc. No. 95) in opposition to the Motion. Defendant has filed a reply (Doc. No. 98) in further support of the Motion.[3]

For the reasons described in the accompanying memorandum opinion, the Motion (Doc. No. 91) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that it seeks the dismissal of Count II of the Amended Complaint (and the facial vagueness claim asserted therein) due to a lack of prudential ripeness, and Count II of the Amended Complaint (and the facial vagueness claim asserted therein) will be dismissed without prejudice on the basis of the Court declining to exercise jurisdiction over that count (and claim). The Motion is **DENIED** in all other respects.

Additionally, for the reasons described in the accompanying memorandum opinion Plaintiff's motion for a preliminary injunction (Doc. No. 8, "Preliminary Injunction Motion")), wherein Plaintiff "requests entry of a preliminary injunction order prohibiting Defendant from enforcing the Act against NetChoice's covered members, and such other and further relief the Court deems necessary and proper," (Doc. No. 8 at 1), is **DENIED** as moot. Such denial is without

---

[2] As discussed in the accompanying memorandum opinion, the Court discerns that Defendant's challenge asserts a lack of *prudential* ripeness rather than a lack of *constitutional* ripeness.

[3] At the Court's direction (Doc. No. 108), Plaintiff and Defendant filed respective supplemental briefs (Doc. Nos. 112, 113). The Court has considered these supplemental briefs in its adjudication of the Motion.

prejudice to Plaintiff filing a renewed motion—which takes into account any and all changes in circumstances that have occurred since the filing of the Preliminary Injunction Motion—that seeks preliminary injunctive relief enjoining enforcement of the Act. If, as the Court expects, Plaintiff files such a motion, Defendant shall have fourteen (14) days to file a response in opposition to the motion. Plaintiff shall then have seven (7) days in which to file an optional reply to Defendant's response.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE