UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NETCHOICE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:24-cv-01191 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| JONATHAN SKRMETTI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the "Unopposed Motion and Memorandum of Law for Certification and Stay of Discovery Under 28 U.S.C. §1292(b)" (Doc. No. 117, "Motion") filed by Defendant, the Tennessee Attorney General and Reporter. Via the Motion (and the memorandum incorporated therein), Defendant seeks to certify an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b); that putative appeal is of the Court's order dated October 27, 2026 (Doc. No. 115, "At-Issue Order"), wherein the Court granted in part and denied in part Defendant's motion to dismiss in part (Doc. No. 91) the amended complaint (Doc. No. 88, "Amended Complaint") of Plaintiff, NetChoice.[1] (Doc. No. 117 at 1). Notably, Defendant frames its request for certification as a request to certify a particular "question" addressed in the At-Issue Order and the At-Issue Memorandum Opinion, namely:

> Whether NetChoice satisfies the third requirement of associational standing—that neither the claim asserted nor the relief requested requires the participation of individual members—insofar as it brings as-applied claims on behalf of its members under the First Amendment.

[1] The At-Issue Order was accompanied by a memorandum opinion (Doc. No. 114, "At-Issue Memorandum Opinion"). The reader's familiarity with the At-Issue Order, the At-Issue Memorandum Opinion, and the background of this case is presumed herein.

(Doc. No. 117 at 1, "Proposed Question").[2] However, Section 1292(b) does not authorize the certification of *questions* for appeal, instead it authorizes the certification of *orders* for appeal. *See In re Trump*, 874 F.3d 948, 951 n.3 (6th Cir. 2017) ("While the district court's certification in certain places purported to certify a 'question,' 'section 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions.'" (quoting *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009))). And so, the Court construes the Motion as requesting certification of *the At-Issue Order* for immediate interlocutory appeal, although the Court acknowledges that the *Proposed Question* is certainly relevant to the inquiry of whether the At-Issue Order should be certified for immediate interlocutory appeal.

Also via the Motion, "Defendant [] moves for a stay of discovery pending resolution of Defendant's certified appeal." (Doc. No. 117 at 1). Defendant states that Plaintiff opposes neither type of relief requested in the Motion. (*Id.*).

For the reasons stated herein, the Motion (Doc. No. 117) hereby is **GRANTED** as to its request for certification of the At-Issue Order for immediate interlocutory appeal and **DEFERRED** for decision by the Magistrate Judge as to its request to stay discovery.

<u>DISCUSSION</u>

28 U.S.C. § 1292(b), the statute under which Defendant brings his request to certify an appeal of the At-Issue Order, provides that an interlocutory appeal of an order is appropriate when the district judge is "of the opinion that such order [1] involves a controlling question of law [2]

[2] Notably, via the At-Issue Order and the At-Issue Memorandum Opinion, the Court answered the Proposed Question in the positive—i.e., the Court concluded that Plaintiff *had* satisfied (for the purposes of surviving Defendant's motion to dismiss) the third requirement of associational standing—that neither the claim asserted nor the relief requested requires the participation of individual members—as to the as-applied First Amendment claims it brings on behalf of its members. (Doc. No. 114 at 38). And thus, the Court declined to dismiss Plaintiff's as-applied First Amendment claims that it brings on behalf of its members. (*Id.*; Doc. No. 115 at 2).

as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory appeals "should be sparingly granted and then only in exceptional cases" and should not be granted for mere "collateral" issues. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). "The party seeking an interlocutory appeal has the burden of showing [that] exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)). This is because, in enacting Section 1292(b), "Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals." *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)).

Here, Defendant argues that all three of Section 1292(b)'s elements are satisfied:

> This Court's ruling on NetChoice's associational standing to raise as-applied claims satisfies all three of §1292(b)'s requirements and should be certified for interlocutory review. NetChoice's standing is a controlling question of law because an interlocutory reversal would lead to the dismissal of NetChoice's as-applied claims. There is substantial ground for disagreement because no controlling precedent determined this Court's ruling and reasonable jurists could have ruled differently. An immediate appeal could materially advance the litigation by eliminating NetChoice's as-applied claims and making unnecessary what will otherwise be enormously complex and costly discovery into 13 enormous, nonparty websites. And immediate review will not prejudice NetChoice, which does not oppose this motion.

(Doc. No. 117 at 4).

Defendant's arguments are well-taken.

As for Section 1292(b)'s first element—that an order involves a controlling question of law—the undersigned previously has explained that this element is made up of two requirements: "(1) [t]he question involved must be one of law; and (2) [i]t must be controlling." *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021) (Richardson, J.) (quoting *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012)). Here, the first element is satisfied based on the satisfaction of its two requirements.

The At-Issue Order involves the Proposed Question, which is doubtless (1) a question of law (2) that is controlling. With respect to the "question of law" requirement, "[t]he sufficiency of a complaint"—which is exactly what the Proposed Question addresses (insofar as the answer to the Proposed Question determines whether some of Plaintiff's claims should be dismissed)—"is a question of law." *In re Trump*, 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)). Moreover, with respect to the "controlling" requirement, "[t]he Sixth Circuit has generally set a low bar for determining that a question of law is 'controlling' in the context of a motion for certification under § 1292(b), and it must only be shown that the question could 'materially affect the outcome of the case.'" *Hall v. Trivest Partners, L.P.*, No. 22-12743, 2024 WL 660172, at *3 (E.D. Mich. Feb. 16, 2024) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012)). And, "'[t]he resolution of an issue need not necessarily terminate an action or "have precedential value for a number of pending cases" to be "controlling."'" *Patterson v. Swagelok Co.*, No. 1:20-CV-566, 2026 WL 3126888, at *3 (N.D. Ohio Oct. 20, 2026) (quoting *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). Here, the resolution of the Proposed Question, i.e., the answer to whether

Plaintiff satisfies the third requirement of associational standing[3] as to its as-applied First Amendment claims that it brings on behalf of its members, doubtless would materially affect the outcome of the case.[4] For instance, if the Proposed Question were answered in the negative, then some of Plaintiff's claims (i.e., the as-applied First Amendment claims brought on behalf of Plaintiff's members) would be dismissed.

In summary, the Court finds that the At-Issue Order presents a question of law that is controlling (i.e., the Proposed Question), and so, the Court finds that Section 1292(b)'s first element is satisfied.

As for Section 1292(b)'s second element—the existence of substantial ground for difference of opinion in the district court's decision on the question of law (i.e., the Proposed Question) or in the relevant order (i.e., the At-Issue Order)[5]—courts in this Circuit ask whether "reasonable jurists might disagree on an issue's resolution." *In re Trump*, 874 F.3d at 952 (quoting

---

[3] The Court notes, as a reminder, that the third requirement is that neither the claim asserted nor the relief requested requires the participation of individual members of the association.

[4] The resolution of the Proposed Question would not affect *all* aspects of this case; for example, Plaintiff's facial claims would not be impacted by the resolution of the Proposed Question. With that said, in the Court's view to affect some parts of a case—i.e., to affect some (but not all) of Plaintiff's claims in this case—is to affect the outcome of the case.

[5] The plain language of Section 1292(b) indicates that the inquiry into whether there is a substantial ground for difference of opinion should be directed towards whether there is a substantial ground for difference of opinion as to the relevant *question of law*. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."). However, the Sixth Circuit has at times framed the inquiry here in terms of whether the district court's *order as whole* presents a substantial ground for difference of opinion. *In re Trump*, 874 F.3d at 952 ("The district court found that its order gives rise to 'substantial ground for difference of opinion.' 28 U.S.C. § 1292(b). We agree."). Here, the Court need not determine whether the inquiry into whether there is a substantial ground for difference of opinion should be directed towards the At-Issue Order or the Proposed Question, because ultimately the inquiry would be decided the same way regardless of where it is directed—insofar as the Court's positive answer to the Proposed Question (in the At-Issue Memorandum Opinion) determined in large part the Court's decision in the At-Issue Order.

*Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). In connection with the At-Issue Order (and specifically in the At-Issue Memorandum Opinion), the Court answered the Proposed Question in the positive; that is, the Court concluded that Plaintiff had satisfied (for the purposes of surviving Defendant's motion to dismiss) the third requirement of associational standing, i.e., that neither the claim asserted nor the relief requested requires the participation of individual members, as to the as-applied First Amendment claims that it brings on behalf of its members. (Doc. No. 114 at 38). And thus, the Court declined to dismiss Plaintiff's as-applied First Amendment claims that it brings on behalf of its members. (*Id.*; Doc. No. 115 at 2).

However, in coming to the foregoing conclusions, the Court grappled with numerous (and frequently conflicting) cases in addressing both whether an association could satisfy the third requirement of associational standing so as to bring as-applied First Amendment claims on behalf of its members in general and whether Plaintiff had satisfied (for the purposes of surviving Defendant's motion to dismiss) the third requirement of associational standing so as to bring as-applied First Amendment claims on behalf of its members in particular. (Doc. No. 114 at 22-38). In these circumstances, the Court concludes, just as Defendant argues, that "reasonable jurists could have ruled differently" (Doc. No. 117 at 4, 5-11) than did the undersigned as to the Proposed Question and in the At-Issue Order. And so, the Court finds that Section 1292(b)'s second element is satisfied. *Cf. In re Trump*, 874 F.3d at 952 ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not [just] where they have already disagreed." (quoting *Reese*, 643 F.3d at 688)).

Finally, with respect to Section 1292(b)'s third element—that an immediate appeal from an order might materially advance the ultimate termination of the litigation—"[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to

the requirement that the order involve a controlling question of law." *Lofgren*, 526 F. Supp. 3d at 330 (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)). And, as the undersigned has recognized in the past, "[t]he moving party satisfies the third [element] where the resolution of a controlling legal question would avoid trial, as well as when it would otherwise substantially shorten the litigation. In other words, an interlocutory appeal materially advances litigation when it saves judicial resources and litigant expense." *Id.* (quoting *Wang*, 2019 WL 1950185, at *1). As to this element, Defendant argues:

> Here, should Defendant prevail on appeal, NetChoice's as-applied claims would be dismissed, leaving only its facial challenge. That result would radically simplify this case, saving the parties substantial time and money in discovery. And immediate review would not prejudice NetChoice, which does not oppose this motion.
>
> Should NetChoice's as-applied claims proceed, Defendant expects that discovery will be enormously costly and complex. Defendant will need to develop its defense that the Act survives any heightened scrutiny that applies, which will involve weighing both the burden the Act imposes and the benefits it creates. *See* Disco.-Stmt. (Doc.89) 5. For each of the 13 websites for which NetChoice seeks relief, Defendant will need discovery on what tools that website currently has in place to protect children, how effective they are, what alternatives it considered and rejected, and how that website would comply with the Act. Disco.-Stmt.5. Defendant will also need discovery on the features of the websites that are designed to attract and addict children, the prevalence of child predators on each site, the amount of pornography on each site, and the other known harms that each website poses to children. Disco.-Stmt.5-6. At minimum, Defendant will need to take at least 13 Rule 30(b)(6)-style depositions—one for each website. And discovery will be even lengthier, costlier, and more complex if NetChoice is correct that each of its covered members are to be treated as third parties whose depositions and documents can only be obtained by subpoena, requiring potentially more litigation [handled by] different lawyers in other courts. Disco.-Stmt.6-7; *see* Fed. R. Civ. P. 45.
>
> An interlocutory appeal could allow the parties and the Court to avoid these costs. Should the Sixth Circuit rule that NetChoice has no standing to raise as-applied challenges, only NetChoice's facial challenge will remain, making detailed discovery into all 13 of its members' affected websites unnecessary. *See United States v. Hansen*, 599 U.S. 762, 769 (2023) (explaining that a First Amendment "facial challenge" does not turn on whether "the statute can be lawfully applied" to the challenger). At present, the case is at an early stage. Far from "nearing trial,"

> the parties have not even "completed" any "discovery." *Lofgren*, 526 F. Supp. 3d at 330. A clean "initial question of jurisdiction" resolved on a motion to dismiss is an especially appropriate issue to certify. Wright & Miller §3930.
>
> Nor would immediate review prejudice NetChoice, which does not oppose this motion. Immediate review would not expose its members to any additional risk of enforcement. Defendant has already agreed not to enforce the Act against the 13 websites NetChoice has identified pending the resolution of this case. And both parties have an interest in avoiding unnecessary discovery if it turns out that NetChoice lacks associational standing. There is no reason to deny Defendant's request for certification in the absence of any opposition by NetChoice.

(Doc. No. 117 at 11-12). This argument is well-taken. And so, the Court finds that Section 1292(b)'s third (and final) element is satisfied.

## CONCLUSION

In sum, each of Section 1292(b)'s elements is satisfied. Thus, absent any opposition from Plaintiff to the Motion's request for certification and absent the Court discerning a basis to, in its discretion, deny the Motion's request for certification, the Court **GRANTS** the Motion (Doc. No. 117) as to the Motion's request for certification of the At-Issue Order (Doc. No. 115) for immediate interlocutory appeal. Accordingly, the Court **CERTIFIES** the At-Issue Order (Doc. No. 115) for immediate interlocutory appeal under 28 U.S.C. § 1292(b). The Motion will be **DEFERRED** for decision by the Magistrate Judge as to its request to stay discovery.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE